## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Third World Media, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:11-cv-00059-RWR-DAR** |
| | ) | |
| **DOES 1 – 4536** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its complaint against Defendants, allege:

### JURISDICTION AND VENUE

1.   This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 US.C. § 101 *et seq.*).

2.   This Court has jurisdiction under 17 US.C. §101 *et seq.*; 28 US.C. § 1331 (federal question); and 28 US.C. § 1338(a) (copyright).

3.   Defendants collectively participated, via the internet, in the unlawful reproduction and distribution of Plaintiff's copyrighted film in a single "swarm" by means of file transfer technology called BitTorrent.

4.   Venue in this District is proper under 28 US.C. § 1391(b) and/or 28 US.C. §1400(a). Although the true identity of each Defendant who participated in the swarm is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District and Defendants should anticipate being haled into court in this District.

### NATURE OF THE CASE

1

5.  Plaintiff's motion picture is "Tokyo Teens" (hereinafter "film" copyrighted "film", or copyrighted "motion picture").

6.  A "swarm" consists of a group of BitTorrent users or peers whose computers are collectively connected for the sharing of a particular file.  The particular file a BitTorrent swarm is associated with has a unique hash, an identifier generated by a mathematical algorithm developed by the National Security Agency.

7.  Each of the Defendants collectively participated in a single swarm to unlawfully share and distribute Plaintiff's copyrighted film through a peer-to-peer BitTorrent protocol.

8.  Defendants initiated their infringing conduct by first visiting one of many BitTorrent websites known for containing a large index of copyrighted movies, television shows, software and adult films.

9.  Defendants each then obtained a reference file for Plaintiff's copyrighted film from the video index of the BitTorrent website and loaded that reference file into a computer program designed to read such files.  The hash, a unique identifier generated by a mathematical algorithm developed by the National Security Agency, of this reference file is 7245786550A35045130907470C41F47A857C1667.  Each Defendant is a member of the same swarm associated with the foregoing hash, and each participated in the unauthorized and illegal sharing of Plaintiff's copyrighted film.

10. With the reference file loaded, the BitTorrent program employed the BitTorrent protocol to initiate simultaneous connections to hundreds of other users possessing and sharing copies of the digital media described in the reference file, namely Plaintiff's copyrighted film.

11. Once connected, the program began coordinating the copying of Plaintiff's copyrighted film to the Defendants' computers from the other users sharing the film.  As the film was copied

to the Defendants' computers piece by piece, the downloaded pieces were immediately made available to other users in the swarm seeking to obtain the file.  It is in this way that each Defendant simultaneously reproduced and/or distributed the copyrighted film as part of the same transaction or series of transactions as participants in the same swarm.

12. The manner of the transfer of Plaintiff's film among through the BitTorrent protocol is different from standard, and perhaps better known, peer-to-peer protocols used for such networks as Kazaa and Limewire.  The BitTorrent protocol can distribute a large file without the heavy load on the source computer and network. Rather than downloading a file from a single source, the BitTorrent protocol allows users to join a swarm of hosts to download and upload from each other simultaneously. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a peer-to-peer network.

13. The initial file-provider intentionally elects to share a file with a torrent network.  This initial file contains Plaintiff's entire copyrighted work and is called a "seed."  Other peers on the network connect to the seed file to download the file wherein the download creates a free digital coy of Plaintiff's copyrighted film.  As yet additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded.  However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each host user in the swarm who has already downloaded the file that together comprises the whole.  The effect of this technology makes every downloader also an uploader of the illegally transferred file(s).  This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

14. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users.  As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material utilizing many ISPs in numerous jurisdictions around the country.

### PARTIES

15. Plaintiff Third World Media, LLC (the "Plaintiff") is a creator and distributor of adult motion pictures/films.  Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of the Plaintiff's copyrighted film. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that the Plaintiff spent substantial funds and resources to create and/or distribute.  Each time a Defendant unlawfully distributes a free copy of the Plaintiff's copyrighted motion picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality.  Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people.  The Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

16. Third World Media, LLC is a Limited Liability Company, with its principal place of business at 9320 Mason Ave., Chatsworth, CA 91311.  Plaintiff is engaged in the production,

acquisition, and distribution of adult motion pictures/films for theatrical exhibition, home entertainment, and other forms of distribution.  Plaintiff is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in the copyrighted film, Tokyo Teens, that has been unlawfully distributed over the Internet by the Defendants.

17.   The true names of Defendants are unknown to the Plaintiff at this time.  Each Defendant participated in a single swarm in which Plaintiff's copyrighted material was unlawfully shared, downloaded and distributed.  Each Defendant is known to the Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed.  The Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same.

## FACTS

### BITTORRENT

18.  BitTorrent is a popular peer-to-peer file sharing protocol designed to simplify and speed up the process of transferring large files over the Internet while drastically limiting the heavy load and bandwidth consumption of any one server.

19.  The BitTorrent protocol can distribute a large file without the heavy load on the source computer and network.  Rather than downloading a file from a single source, the BitTorrent protocol allows users to join a "swarm" of hosts to download and upload from each other simultaneously.

20.  A group of users' computers that are collectively connected for the uploading and downloading of a particular file is known as a "swarm."

21. Copying media with BitTorrent technology requires three principal components:  (1) a BitTorrent "client" application, (2) indexing websites known as "torrent sites" and (3) computer servers known as BitTorrent "trackers."  Each is necessary for normal BitTorrent transfers.

22.  The process works as follows:  Users download a small program that they install on their computers – the BitTorrent "client" application.  The BitTorrent client is the user's interface during the downloading/uploading process.  There are many different BitTorrent clients, all of which are readily available on the internet for free.  BitTorrent client applications typically lack the ability to search for files.  To find files available for download, users must visit torrent sites using any standard web browser.

23.  A torrent site is a website that contains an index of torrent (or ".torrent") files being made available by other users (generally an extensive listing of movies and television programs, among other copyrighted content).  The torrent site hosts and distributes small reference files known as "torrents."  Although torrents do not contain actual audio/visual media, they instruct a user's computer where to go and how to get the desired file.  Torrents interact with specific trackers allowing the user to download the desired file.

24.  A BitTorrent tracker manages the distribution of files, connecting uploaders (those who are distributing the content) with downloaders (those who are copying the content).  A tracker directs a BitTorrent user's computer to other users who have a particular file, and then facilitates the download process from the users.  When a BitTorrent user seeks to download a movie or television file, he or she merely clicks on the appropriate torrent file on a torrent site, and the torrent file instructs the client software how to connect to a tracker that will identify where the file is available and begin downloading it.

25. Files downloaded in this manner by use of BitTorrent technology are downloaded in hundreds of individual pieces.  Each piece that is downloaded is immediately thereafter made available for distribution to other users seeking the same file.  The effect of this technology makes every downloader also an uploader of the content.  This means that every user who has a copy of the infringing material on a torrent network must necessarily also be a source of download for that material.

26.  The distributed nature of BitTorrent leads to a flood like or viral spreading of a file throughout peers who are members of a swarm.  As more peers join the swarm, the likelihood of a successful download increases.

### DEFENDANTS ARE MEMBERS OF A SINGLE BITTORRENT SWARM

27.  Defendants are members (or "peers" or "users") who have all participated in the same peer-to-peer network swarm that was utilized to unlawfully share and distribute Plaintiff's copyrighted film without permission.

28.  Each Defendant peer owns or otherwise has control of a different computer connected to the Internet that contained (and possibly still contains) a torrent file (or a ".torrent file") containing at least a portion of Plaintiff's copyrighted film.

29.  Defendant peers each utilized a .torrentfile to upload and/or download Plaintiff's copyrighted film without permission through a BitTorrent protocol.

30.  Each Defendant peer, in order to participate in the BitTorrent peer-to-peer network, created a torrent – a .torrent file – of Plaintiff's copyrighted content.  The torrent file each Defendant peer obtained contained either a portion of Plaintiff's copyrighted film or the entire film.   A computer that has a complete copy of a certain torrent – or .torrent file – is known as a "seed."

31.   Once each Defendant peer obtained a torrent containing Plaintiff's copyrighted film, each Defendant peer imported his/her torrent file it into a BitTorrent protocol for the purpose of sharing Plaintiff's copyrighted film with other members of a peer-to-peer network.

32.   Plaintiff's copyrighted film was then shared and transferred through a single swarm among the various Defendants, all members (or peers) in the same peer-to-peer network utilizing the BitTorrent protocol.

33.   Once uploaded to the BitTorrent protocol, the peers, utilizing the BitTorrent protocol, shared the content of Plaintiff's copyrighted film as participants in a single swarm.  Specifically, the BitTorrent protocol broke the film up into small pieces and distributed the small pieces of the copyrighted film randomly between all of the Defendant peers participating in the swarm until each of the Defendants participating in the swarm had a partial or complete copy of Plaintiff's copyrighted film.

34. Therefore, the Defendants all participated in the same swarm, uploading (distributing) and downloading (reproducing) Plaintiff's copyrighted film, and through their actions each Defendant assisted other Defendants, each members of the peer-to-peer network swarm, to illegally download Plaintiff's copyrighted film.

## COUNT I
## INFRINGEMENT OF COPYRIGHTS

35. Plaintiff incorporates by reference Paragraphs 1-34 as if fully set forth herein.

36. The Plaintiff is responsible for the creation, development, and production of the commercially released film titled "Tokyo Teens," that has significant value and has been produced and created at considerable expense.

37.  At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for certain copyrighted motion pictures, including

but not limited to the copyrighted motion picture "Tokyo Teens" (collectively, including derivative works, the "copyrighted film" or "film").  The copyrighted film is the subject of a valid Certificate of Copyright Registration, including without limitation # PA0001686963, issued by the Register of Copyrights.

38. The copyrighted film contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

39. The Plaintiff is informed and believes that each Defendant, without the permission or consent of the Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, the copyrighted film.  The Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP on the date and at the time at which the infringing activity of each Defendant was observed that has to date, without the permission or consent of the Plaintiff, distributed to the public, including by making available for distribution to others.  The IP address of each Defendant thus far identified, together with the date and time at which his or her infringing activity was observed, is included on Exhibit A hereto.  In doing so, each Defendant has violated the Plaintiff's exclusive rights of reproduction and distribution.  Each Defendant's actions constitute infringement of the Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq*.).

40. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

41. As a result of each Defendant's infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to its attorneys' fees and costs pursuant to 17 US.C. § 505.

42. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted motion picture made in violation of the Plaintiff's copyrights.

**WHEREFORE,** the Plaintiff prays for judgment against each Defendant as follows:

1. For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing the Plaintiff's rights in the copyrighted film and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy the Plaintiff's Motion Pictures, to distribute the Plaintiff's Motion Pictures, or to make the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiff. Defendant also shall destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without the Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

3. For the Plaintiff's costs.

4. For the Plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court deems proper.

**DATED**:  December 6, 2011

Respectfully submitted,

Third World Media, LLC

By Counsel

By:
/s/_____

Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)
*Attorney for the Plaintiff*