**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Third World Media, LLC**  )  <br>  ) <br> **Plaintiff,**  ) <br>  ) <br> v.  ) <br>  ) <br> **DOES 1 – 4536**  ) <br>  ) <br> **Defendants.**  ) <br> _____ ) | CA. 1:11-cv-00059-RWR-DAR |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT DOES' MOTIONS FOR PROTECTIVE ORDER, TO QUASH AND DISMISS PLACED UNDER SEAL AND OPPOSITION TO DOES' MOTIONS; IN THE ALTERNATIVE, TO UNSEAL OR REVIEW MOTIONS [DOC. NOS. 14, 15, 16 AND 17]**

Plaintiff files this motion in response and in opposition to several motions to place under seal that were granted by the Court apparently in relation to a motion for protective order. [Doc. Nos. 14, 15, 16 and 17]. It appears that Plaintiff's counsel was not served with the motions to place under seal.[1] Accordingly, the Plaintiff first became aware of the motions when they were posted on the Court's electronic docket on February 8, 2012. Plaintiff requests that the Court strike the motions to place under seal and the motions for protective order, deny the Does' motions to quash and dismiss or, in the alternative, unseal the documents or allow Plaintiff's counsel to review the documents so that Plaintiff can file an appropriate response, if necessary.

To briefly summarize Plaintiff's case again, Plaintiff has identified certain Does who have unlawfully copied and distributed Plaintiff's motion picture over the Internet. When the suit was filed, Plaintiff did not know the names of the alleged infringers but had identified the

---

[1] As Plaintiff's counsel was not served with the instant motions and has no way to identify the moving Doe Defendants, Plaintiff's counsel is not able to serve a copy of Plaintiff's motion on the Doe Defendants.

1

Internet Protocol ("IP") addresses of the computers associated with the infringements. In order to discover the actual names of the Does, Plaintiff subpoenaed the Internet Service Providers ("ISPs") with identifying information who provide service to identified IP addresses, and ISPs gave notice to their customers of the subpoena. Several of the individuals who received such notices have apparently moved to quash the subpoenas and dismiss the case.

While Plaintiff has not seen the motions, Doe Defendants in cases of a nature similar to this have in the past routinely made several primary arguments, namely that (1) the Court lacks personal jurisdiction over them, (2) a denial of the allegations against them, and/or (3) joinder of the multiple Doe Defendants is improper. Herein, immediately below, Plaintiff addresses each of these arguments in opposition to the Doe motions.[2] To the extent the instant motions are premised upon the foregoing arguments or arguments of a similar nature it should be noted that such arguments amount to nothing more than the Does' potential defenses in this case that are properly raised only at such time as Does are named as actual party defendants.

I.  INTRODUCTION

At the time of filing its Complaint and Amended Complaint, Plaintiff was only able to identify the Does by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Does' actual names is from the Internet Service Providers ("ISPs") to which Does subscribe and from which Does obtain Internet access as this information is readily available to the ISPs from documents they keep in the regular course of business.

On November 29, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference. [Doc. No. 11], and subpoenas have been issued to

---

[2] To the extent the Does make additional arguments upon which the Court would like further briefing the Plaintiff would be happy to submit further briefing upon having been afforded the opportunity to review the Does' motions.

2

ISPs pursuant to that Order. The instant motions were apparently brought by several of the affected subscribers to challenge the subpoena to their ISPs. The motions should be denied.

II.   ARGUMENT

A. STANDARDS ON MOTIONS TO QUASH

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C. Cir. 1984). The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue. See Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see also Fonovisa, Inc. v. Does 1-19, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

B. **PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHT; CONSIDERATION OF DEFENSES IS PREMATURE**

The Court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss. [See Doc. No. 11]. As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference ("Discovery Motion") [See Doc. No. 3], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant. *See id.* This information was obtained by proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declaration in support of the Motion for Discovery. *See id.* However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit

can progress further. *See id.* Plaintiff has limited information about all putative Doe Defendants, and accordingly Plaintiff successfully moved this Court for discovery prior to the Rule 26(f) conference in order to learn more about each of the putative defendants. Once Plaintiff amasses enough evidence to allow it to name the Does as defendants, and if and when challenges to jurisdiction and venue are raised by actual named defendants at the appropriate time pursuant Rule 12 of the Federal Rules of Civil Procedure, Plaintiff would properly have a burden to present a *prima facie* case supporting personal jurisdiction and venue. Thus, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's movie on a specific date and time. *See id.* Again, Plaintiff utilized proprietary technology that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems. *See id.* Accordingly, Does' IP addresses at the time of the alleged infringement were included in this case because the Does were involved in offering files corresponding to Plaintiff's movie for unlawful transfer or distribution. *See id.*

The merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. The court typically only examines the relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed to determine whether there is an "undue burden." Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206 (D.D.C. 2000), *vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002). As shown herein and as explained in the Discovery Motion, there is no burden on these Doe Defendants, and Plaintiff's need for the documents is critical. In fact, Plaintiff has no other

reasonable means to identify the Doe Defendants, especially in light of the short time ISPs retain data relevant to the infringements. See Digital Sin, Inc. v. Doe, 2012 U.S. Dist. LEXIS 10803 (S.D.N.Y. Jan. 30, 2012) ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers. Thus, without granting Plaintiff's request, the defendants cannot be identified or served and the litigation cannot proceed. Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs."); see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332, 352-53 (D.D.C. 2011) (recognizing Plaintiff's critical need for identifying information from the ISPs and that Plaintiff has no other means of obtaining such information).

While these Does may have defenses to this suit, such defenses are not at issue at this stage of the proceedings. See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses"). The timeframe in which a defendant has to "appear and defend" does not start until, at the earliest, a summons specifically names the defendant and is directed to that defendant.[3] In a recent similar case in the U.S. District Court for the District of Columbia, Judge Kollar-Kotelly recently stated:

---

[3] While the Federal Rules of Civil Procedure do not explicitly define "party," the plain language of multiple provisions suggests that a person is only a party to a case when that person is identified and specified by name in the case. For example, Fed. R. Civ. P. Rule 17 states that an "action must be prosecuted in the name of the real party in interest," and Fed. R. Civ. P. Rule 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known (See Fed. R. Civ. P. Rule 5(b)(2)).

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If, as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those third parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9, 14 (D.D.C. 2011).

### D.  DOE DEFENDANTS' MOTION IS PROCEDURALLY DEFECTIVE

These motions are procedurally defective in that these Does never attempted to meet and confer with Plaintiff's counsel.

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.… A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR Rule 7(m).[4]

Here, these motions did not include statements that any meet and confer discussions occurred because no such discussions have occurred.  Had these Does met and conferred with Plaintiff's counsel, Plaintiff's counsel could have made these Does aware of authorities showing that the Motion is not justified.

### III.  CONCLUSION

These Does have not demonstrated any reason to quash the subpoena.  As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.

---

[4] Further, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

7

See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, especially when considering that these ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Therefore, the Court should deny these Motions and allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court strike the motion to place under seal and the motion for protective order (Doc. Nos. 14, 15, 16 and 17) deny Doe Defendants' motions to quash and dismiss or, in the alternative, unseal the documents or allow Plaintiff's counsel to review the documents so that Plaintiff can file an appropriate response, if necessary. To the extent the Court would like further briefing to address any issues in the sealed motions, Plaintiff's counsel welcomes the opportunity to submit further argument.

**DATED**:  February 23, 2011

        Respectfully submitted,

        Third World Media, LLC

        By Counsel

        By:
        /s/_____

        Ellis L. Bennett, Bar #479059
        Dunlap Grubb & Weaver, PLLC
        199 Liberty Street, SW
        Leesburg, VA 20175
        ebennett@dglegal.com
        703-777-7319 (telephone)
        703-777-3656 (fax)
        *Attorney for the Plaintiff*