**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Third World Media, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:11-cv-00059-RWR-DAR** |
| | ) | |
| **DOES 1 – 4536** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ————————————————— | ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH [DOC. NO. 20]**

Plaintiff files this opposition to non-party movant Jerry Hoang's motion to quash [Doc. No. 20], and states as follows in furtherance hereof:

**DISCUSSION**

To briefly summarize Plaintiff's case again, Plaintiff has identified certain Does who have unlawfully copied and distributed Plaintiff's motion picture over the Internet.  When the suit was filed, Plaintiff did not know the names of the alleged infringers but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringements.  In order to discover the actual names of the Does, Plaintiff subpoenaed the Internet Service Providers ("ISPs") with identifying information who provide service to identified IP addresses, and ISPs gave notice to their customers of the subpoena.  Non-party movant Jerry Hoang ("Hoang" or "Movant") has moved to quash the subpoena issued to his ISP.  Hoang's motion should be denied for the reasons explained below.

I.      INTRODUCTION

At the time of filing its Complaint and Amended Complaint, Plaintiff was only able to identify the Does by their Internet Protocol ("IP") and the date and time of alleged infringement.

The only way that Plaintiff can determine Does' actual names is from the Internet Service Providers ("ISPs") to which Does subscribe and from which Does obtain Internet access as this information is readily available to the ISPs from documents they keep in the regular course of business.

On November 29, 2011, the Court granted Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference.  [Doc. No. 11].  Subpoenas have been issued to ISPs pursuant to that Order, including that of Movant.

II.     ARGUMENT

A.  STANDARDS ON MOTIONS TO QUASH

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'"  *Westinghouse Electric Corp. v. City of Burlington*, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); *US. v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979); *Horizons Titanium Corp. v. Norton Co.,* 290 F.2d 421, 425 (1st Cir. 1961); *see Northrop Corp. v. McDonnell Douglas Corp.,* 751 F.2d 395, 403-04

(D.C. Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue.  *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); *see also Fonovisa, Inc. v. Does 1-19,* No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

> **B.   PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHT; CONSIDERATION OF DEFENSES IS PREMATURE**

The Court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  [*See* Doc. No. 11].  As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference ("Discovery Motion") [*See* Doc. No. 3], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant.

*See id.* This information was obtained by proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declaration in support of the Motion for Discovery. *See id.* However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further. *See id.* Plaintiff has limited information about all putative Doe Defendants, and accordingly Plaintiff successfully moved this Court for discovery prior to the Rule 26(f) conference in order to learn more about each of the putative defendants. Once Plaintiff amasses enough evidence to allow it to name the Does as defendants, and if and when challenges to jurisdiction and venue are raised by actual named defendants at the appropriate time pursuant Rule 12 of the Federal Rules of Civil Procedure, Plaintiff would properly have a burden to present a *prima facie* case supporting personal jurisdiction and venue. Thus, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's movie on a specific date and time. *See id.* Again, Plaintiff utilized proprietary technology that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems. *See id.* Accordingly, Does' IP addresses at the time of the alleged infringement were included in this case because the Does were involved in offering files corresponding to Plaintiff's movie for unlawful transfer or distribution. *See id.*

The merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. The court typically only examines the relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed to determine whether there is

4

an "undue burden."  *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 206 (D.D.C. 2000), *vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002).  As shown herein and as explained in the Discovery Motion, there is no burden on Movant, and Plaintiff's need for the documents is critical.  In fact, Plaintiff has no other reasonable means to identify the Doe Defendants, especially in light of the short time ISPs retain data relevant to the infringements.  *See Digital Sin, Inc. v. Doe, 2012 U.S. Dist. LEXIS 10803 (S.D.N.Y. Jan. 30, 2012)*  ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers.  Thus, without granting Plaintiff's request, the defendants cannot be identified or served and the litigation cannot proceed.   Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs."); *see also Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d 332, 352-53 (D.D.C. 2011) (recognizing Plaintiff's critical need for identifying information from the ISPs and that Plaintiff has no other means of obtaining such information).

While Hoang may have defenses to this suit, such defenses are not at issue at this stage of the proceedings.  *See Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").  The timeframe in which a defendant has to "appear and defend" does not start until, at the earliest, a summons specifically names the defendant and is directed to that defendant.[1]  In a recent similar case in the U.S. District Court for the District of Columbia, Judge Kollar-Kotelly recently stated:

---

[1]  While the Federal Rules of Civil Procedure do not explicitly define "party," the plain language of multiple provisions suggests that a person is only a party to a case when that person is identified and specified by name in the case.  For example, Fed. R. Civ. P. Rule 17 states that an "action must be prosecuted in the name of the real

Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If, as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those third parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

*West Coast Productions, Inc. v. Does 1-5829*, 275 F.R.D. 9, 14 (D.D.C. 2011).

### C.  MOVANT HAS NO STANDING; MOREOVER MOVANT HAS NOT

### AND CANNOT DEMONSTRATE THAT THE INFORMATION

### SOUGHT IS  PRIVILEGED

The only standing Movant would truly have to challenge the subpoena would be if the subpoena requires the production of privileged information.  However, such an argument has no basis in law or in fact for this case.

A person using the Internet to distribute or download copyrighted films or music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. *See Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d 332, 348-354 (D.D.C. 2011); *see also Interscope Records v. Does 1-14*, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); *Arista Records LLC v. Does 1-19*, 551 F.Supp.2d at 8-9 (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information

---

party in interest," and Fed. R. Civ. P. Rule 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known (See Fed. R. Civ. P. Rule 5(b)(2)).

because they have conveyed it to another person—the system operator"); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 556 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008); *U.S. v. Hambrick*, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000); *U.S. v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (stating that defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

While some courts have held that the anonymous downloading and distribution of copyrighted works over the Internet constitutes protected First Amendment speech, the protection afforded such speech is limited and gives way in the face of a *prima facie* showing of copyright infringement.  "Defendants' First Amendment right to remain anonymous must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."  *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d at 567; *see Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d at 353-354 ("Upon balancing the putative defendants' First Amendment rights to anonymity and the plaintiffs' need for the identifying information, the Court finds that the plaintiffs' need overrides the putative defendants' right to use BitTorrent anonymously. The putative defendants' asserted First Amendment right to anonymity in this context does not shield them from allegations of copyright infringement. The plaintiffs therefore may obtain from ISPs information identifying the putative defendants.").

Here, Plaintiff has made a *prima facie* case of copyright infringement in this case, and Plaintiff's need for disclosure outweighs the First Amendment privacy interests here.  For the

Plaintiff to establish a *prima facie* claim of copyright infringement, it must demonstrate: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).

As this Court has determined [*see* Doc. No. 11], Plaintiff has appropriately pled a *prima facie* claim of copyright infringement against the Doe Defendants. *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d at 565 (stating that plaintiffs made concrete showing of a prima facie claim of copyright infringement by alleging valid ownership of copyrights and "that each defendant, without plaintiffs' consent, 'used, and continues to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others' certain of the copyrighted recordings"); *see also Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d at 351-352 (same).

Second, Plaintiff's discovery requests are narrowly tailored to obtain the information Plaintiff needs to prosecute the lawsuit. Plaintiff is only seeking limited information sufficient to identify the Doe Defendants, i.e. the Doe Defendants' name, current and permanent address, telephone number, e-mail address, and Media Access Control address, and Plaintiff will only use that information in this lawsuit.

Third, Plaintiff has no other means to obtain the Doe Defendants' identifying information other than compelling the information from ISPs. Fourth, without this information from the ISPs, Plaintiff cannot name and serve those whom they allege to have infringed upon the copyright. The Doe Defendants' identifying information is therefore critical to the Plaintiff's case.

Lastly, Doe Defendants such as Movant have minimal First Amendment protection, and their expectation of privacy is similarly minimal in this context.  Such an expectation of privacy is further eradicated by the fact that the Doe Defendants have already shared this information with their ISPs.  Further, most ISPs provide notice to their subscribers that they may share this information, further eradicating any expectation of privacy.  *See, e.g.*, Comcast's XFINITY Customer Privacy Notice (http://www.comcast.com/corporate/customers/policies/customerprivacy.html?SCRedirect=true). Overall, the Movant's exceedingly small First Amendment and privacy interests are greatly outweighed by Plaintiff's need for the information to prosecute its case and protect it copyright.

### D. MOVANT'S MOTION IS PROCEDURALLY DEFECTIVE

Hoang's motion is procedurally defective in that he never attempted to meet and confer with Plaintiff's counsel.

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.… A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR Rule 7(m).[2]

Here, the motion at issue did not include statements that any meet and confer discussions occurred because no such discussions have occurred.  Had Hoang met and conferred with Plaintiff's counsel, Plaintiff's counsel could have made Hoang aware of authorities showing that the Motion is not justified.

---

[2] Further, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

III.     CONCLUSION

Movant has not demonstrated any reason to quash the subpoena.  As fully laid out in

Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have

routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.

*See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10*, Case No. 04-2005 (JR)

(D.D.C.) (Robertson, J.); *Twentieth Century Fox Film Corp., et al. v. Does 1-9*, Case No. 04-

2006 (EGS) (D.D.C.) (Sullivan, E.); *Lions Gate Films, Inc., et al. v. Does 1-5*, Case No. 05-386

(EGS) (D.D.C.) (Sullivan, E.); *UMG Recordings, et al. v. Does 1-199*, Case No. 04-093 (CKK)

(D.D.C.) (Kollar-Kotelly, C.); *Caroline Records, Inc., et al. v. Does 1-175*, Case No. 04 2028

(D.D.C.) (Lamberth, R.); *see also Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1, 2

(D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendants,

including Movant, from the non-party ISPs, especially when considering that these ISPs typically

retain user activity logs containing the information sought for only a limited period of time

before erasing the data.  Therefore, the Court should deny this motion and allow Plaintiff the

opportunity to conduct discovery and obtain evidence to prove the copyright infringement and

irreparable harm in this case.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Hoang's

motion to quash.

**DATED**:  March 13, 2012

Respectfully submitted,

Third World Media, LLC

By Counsel

By:
/s/_____

Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)
*Attorney for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th Day of March, 2012 I caused a copy of the foregoing to be filed on the CM/ECF system and also mailed a copy of the same via U.S. mail postage prepaid to be delivered to:

Jerry Hoang

13522 43rd Ave. S.

Tukwila, WA 98168

/s/_____

Ellis L. Bennett